# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. 11-11068 |
| NEW ORLEANS AUCTION GALLERIES, INC. | SECTION "A" |
| DEBTOR | CHAPTER 11 |

### INTERIM ORDER AUTHORIZING DEBTOR-IN-POSSESSION TO INCUR POST-PETITION SECURED INDEBTEDNESS, TO GRANT SECURITY INTEREST AND PRIORITY CLAIMS PURSUANT TO SECTIONS 364(c) AND 364(d) OF THE BANKRUPTCY CODE, MODIFYING AUTOMATIC STAY AND APPROVING AGREEMENT WITH ASCHAFFENBURG ASSETS, LLC

This matter came before the Court on Monday, April 4, 2011 as an emergency interim hearing on the Motion of New Orleans Auction Galleries, Inc., as debtor and debtor-in-possession, ("***Debtor***") dated April 4, 2011 (**P-13**) (the "***Motion***"), for an Order authorizing the Debtor to (A) obtain interim debtor-in-possession financing; (B) incur post-petition secured indebtedness and debtor-in-possession financing with Aschaffenburg Assets, LLC ("***Lender***"), (C) grant security and administrative priority, modifying the automatic stay, (D) authorizing execution of loan documents, and (E) setting a final hearing.

Appearances:

Stewart F. Peck and Christopher T. Caplinger
*Attorneys for the Debtor*

J. David Forsyth
*Attorney for Aschaffenburg Assets, LLC*

Elwood Cahill
*Attorneys for First Bank and Trust*

Robert Gravolet
*Attorney for the Office of the U.S. Trustee*

1

Albert J. Derbes, IV
*Attorney for Jean Vidos*

The Court finds as follows:

A.     This Court has jurisdiction over the case, these proceedings, and the parties and property affected hereby pursuant to 28 U.S.C. §§157(b) and 1334.  This is a core proceeding under 28 U.S.C. §§157(b)(2)(A), (D), (G), (M), and (O).  Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409;

B.     The successful operation of the business of the Debtor and its ability to propose and consummate a rehabilitation of its business and reorganization of its financial affairs is dependent on its ability to obtain the loan and interim advance proposed to be made from Lender;

C.     The Debtor is unable to obtain the amount of working capital and credit necessary to successfully maintain its ongoing operations and implement its contemplated plan of reorganization except under the terms and conditions set forth herein;

D.     Based upon the documents received and the representations of counsel and the Debtor's President, Jean Vidos, (1) Buyer's Premiums[1] and Commissions[2] arising in connection with any auctions conducted after the Petition Date and the leasehold upon which the Debtor operates its business at 801 Magazine Street, New Orleans, Louisiana, are unencumbered post-petition assets of the Debtor's estate, and (2) no adequate protection of the interests of each of the

---

[1] Successful bidders at the auction are charged a premium of twenty percent (20%) of the final price determined at the auction ("***Buyer's Premium***").

[2] Consignment agreements with consignors regarding the sale of their property at auction provide for a commission (collectively, "***Commissions***") to be paid to the Debtor based upon the final price acquired at the auction ("***Hammer Price***").  The Commissions are determined as a percentage of the Hammer Price between ten percent (10%) and twenty-five percent (25%), but is in all cases at least $25.00 per auction item.

existing holders of liens on the Debtor's other assets is necessary to support the granting of second position lien and security interest therein in favor of Lender hereunder;

E. The interim financing proposed hereunder is in the best interests of the Debtor, its estate, creditors, and parties in interest;

F. Due notice of the Motion has been given to all creditors, parties-in-interest and the Office of the United States Trustee pursuant to Section 102 of the Title 11 of the United States Code (the "***Bankruptcy Code***"), Rule 4001(c) of the Federal Rules of Bankruptcy Procedure and any and all applicable Local Bankruptcy Rules; and

G. Upon reviewing the Motion, t, the documents presented and the representations of counsel, Jean Vidos, and the record thereof, the Motion should be granted upon its terms and conditions and any and all Objections to the Motion are resolved or overruled by the entry and terms of this Order.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Motion is GRANTED ON AN INTERIM BASIS and the Debtor is authorized to borrow money on an interim basis of a total amount of $71,100.00 (the "***Initial Advance***") upon entry of this Interim Order, for expenses and other costs pursuant to the budget and draw schedule attached hereto as Exhibit A.

2. The Debtor is hereby authorized and directed to enter into appropriate loan documentation (collectively, the "***Agreement***") and the related documents and the UCC-1 Financing Statement (collectively, the "***Lender Documentation***"), with respect to the loans and advances to be made by Lender to the Debtor pursuant to the terms and conditions set forth herein and as provided for hereunder.

3. Pursuant to Sections 364(c) and 364(d) of the Bankruptcy Code, as security for the loans and advances to be made from Lender to the Debtor, Lender is granted (a) a continuing first and senior lien and security interest in and to the Buyer's Premiums and Commissions arising in connection with auctions conducted after the commencement of the above case, (b) a first mortgage upon the leasehold upon which the Debtor operates its business at 801 Magazine Street, New Orleans, Louisiana, and (c) a second position lien and security interest in and to all other assets of the Debtor's estate (all of the foregoing, hereafter referred to as the "***Lender Collateral***").

4. This Order shall be sufficient evidence of Lender's perfected liens and security interests in and to the Lender Collateral and the Debtor is authorized and directed to execute such documents including, without limitation, the Agreement, the Lender Documentation, and to pay such costs and expenses as may be reasonably required to perfect Lender's security interests in the Lender Collateral as provided herein.

5. The Debtor is authorized and directed to execute and comply with the terms of such other documents, instruments and agreements in addition to the Agreement and Lender Documentation as Lender may reasonably require as evidence of and for the protection and perfection of all of the Debtor's obligations, liens, security interests and mortgages, each of which after execution shall be deemed included in the Lender Documentation.

6. Lender may, in the exercise of its discretion, but shall not be required to file or serve financing statements, or other documents with respect to such security interests and liens, all such financing statements or similar documents being deemed to have been filed or recorded at the time and on the date of the commencement of this case.

7. Lender may, in the exercise of its discretion, but shall not be required to file a certified copy of this Order in any filing or recording office in any county or other jurisdiction in which the Debtor has personal property.

8. The provisions of this Order shall inure to the benefit of Lender and shall be binding upon the Debtor and its respective successors and assigns (including any trustee or other fiduciary herein appointed as a legal representative of the Debtor in this Chapter 11 case or in any succeeding case under Chapter 7 or otherwise) with respect to the property of the estate of the Debtor.

9. The Debtor is authorized and directed to perform all acts and to make, execute and deliver any and all instruments as may be necessary to implement the terms and conditions of this Order and the transactions described herein.

10. Pursuant to Sections 364(c) and 364(d) of the Bankruptcy Code, any and all obligations and liabilities of the Debtor owing to Lender and arising after the date of this Order, together with accrued interest and charges incidental thereto, shall have priority in payment over any other obligations or liabilities now in existence or incurred hereafter by the Debtor and of all expenses of the kind specified in Sections 503(b), 506(c), 507(b) and 552(b) of the Bankruptcy Code, except that there shall be a carve out for accrued, unpaid and budgeted professional fees and costs of Debtor's counsel up to the amount of $50,000.00.

11. The Lender Documentation shall be subject to termination as provided therein including, without limitation, the provisions that the Lender Documentation is subject to early termination by Lender as to future loans and extensions of credit at any time upon notice to the Debtor or immediately upon the occurrence of any "Event of Default" as defined herein.

12. The Debtor is hereby authorized and directed to promptly reimburse Lender for all approved costs and expenses incurred by Lender to effectuate this financing transaction and as provided in the Lender Documentation including, but not limited to, Court-approved fees of Lender's counsel, and title and recording costs, all of which costs and expenses shall be and are included in the obligations and indebtedness of the Debtor to Lender.

13. In the event of (i) failure of the Debtor to fully perform pursuant to this Order; (ii) the occurrence of any Event of Default; (iii) termination of the Lender Documentation as provided therein; (iv) appointment of a trustee or other fiduciary for the Debtor or the property of the estate of the Debtor; (v) conversion of the Debtor's Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code; (vi) dismissal of the Debtor's Chapter 11 case; or (vii) any change in the existing management of the Debtor (each a "***Default***"), then and upon the occurrence of any Default, and at all times thereafter Lender may file a motion for relief from the automatic stay to exercise its rights to collect those amounts advanced under the Lender Documentation.

14. The automatic stay provided by Section 362 of the Bankruptcy Code shall be and is hereby vacated and terminated with respect to the creation, perfection and implementation of Lender's post-petition liens and security interests in the Lender Collateral.

15. There shall not at any time be entered in the Debtor's Chapter 11 case or any succeeding Chapter 7 case any further order which authorizes under Section 364 of the Bankruptcy Code, the obtaining of credit or the incurring of indebtedness secured by a lien or security interest which is equal or senior to the liens or security interests held by Lender, or which is entitled to priority administrative status which is equal to or superior to that granted to Lender herein, unless the Lender is paid in full.

16. The provisions of this Order and any action pursuant thereto shall be and remain in effect unimpaired and shall survive entry of any order converting this case from Chapter 11 to Chapter 7 and the terms and provisions of this Order, as well as the priorities, liens and security interests created hereunder, shall continue in this or any other superseding case under the Bankruptcy Code, and such liens and security interests shall maintain that priority as provided for in this Order until satisfied and discharged in full.

17. Lender shall be entitled to the full protection of the provisions of Section 364(e) of the Bankruptcy Code with respect to debts and obligations and liens and security interests created or authorized by this Order in the event that this Order or any other authority contained herein is vacated, reversed, or modified on appeal or otherwise by any court of competent jurisdiction.

18. The Debtor, acting through its President, Jean Vidos, shall have authority to bind the Debtor. The signature of Jean Vidos, as President of the Debtor, or any person designated in writing by the Debtor and appearing on any one or more of the Lender Documentation or other related documentation in the opinion of Lender necessary or desirable to implement the terms and purposes of this Order, shall bind the Debtor.

19. This Order has been negotiated in good faith and at arm's length between the Debtor and Lender, and any credit extended and loans made to the Debtor pursuant to this Order shall be deemed to be extended in good faith as that term is used in Section 364(e) of the Bankruptcy Code.

20. The stay of this order pursuant to Bankruptcy Rule 6004(h) shall not apply, and the relief herein granted is effective immediately upon entry of this Order.

21. In the event and to the extent that any of the terms and conditions of any agreements between the Debtor and Lender are inconsistent or at variance with the terms and provisions of this Order, the terms of this Order shall control.

22. Unless otherwise previously paid in full or agreed to by Lender, all amounts owed by the Debtor under the Lender Documentation authorized by this Order, and secured by the Lender Collateral shall be paid in full upon the earlier of (a) approval of any replacement debtor-in-possession financing; (b) the effective date of a confirmed plan of reorganization in this bankruptcy case (and such repayment shall be a condition precedent to the effective date of such plan); (c) the loan's maturity on July 31, 2011 or (4) an un-cured Event of Default. The termination and maturity date may be extended by the consent of the Lender.

23. For purposes of this Interim Order and Lender Documentation, the following events, acts, or omissions or failures to act shall constitute "*Events of Default*":

   a. any failure of the Debtor to fully perform pursuant to this Interim Order;

   b. the entry of an Order appointing a trustee or other fiduciary for the Debtor or the property of the estate of the Debtor;

   c. the entry of an Order converting the Debtor's Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code;

   d. the entry of an Order dismissing the Debtor's Chapter 11 case;

   e. the removal of existing management of the Debtor; or

   f. the failure of the Debtor to obtain an Order of this Court authorizing the payment of pre-petition amounts owed to consignors who is in the Lender's sole discretion are critical vendors to the Debtor's business.

24. Subject to the terms of this Interim Order and any subsequent Final Order and the Lender Documentation and Lender's approval of Debtor's budget and draw schedule attached hereto as Exhibit A, the Debtor and only the Debtor shall be entitled to use the proceeds of the Initial Advance.

25. Unless otherwise expressly agreed to in writing by Lender and approved by this Court, the proceeds of the Initial Advance shall be used exclusively for the purposes identified in the budget and draw schedule attached hereto as Exhibit A, and only in those approximate amounts.

26. A final hearing on the relief sought under the Motion will be held on Thursday, the 28th day of April 2011, at 2:00 o'clock p.m.

New Orleans, La., April 5, 2011.

Judge Elizabeth Magner